UNITED STATES of America,
Appellee,

v.

Beatrice RICHARDSON, Defendant–
Appellant.

No. 00–1443.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2001.

Darrell Fields, Legal Aid Society, Federal Defender Division, New York, NY, for appellant.

Jennifer M. Moore, U.S. Attorney's Office, Southern District of New York, New York, NY, for appellee.

Present PARKER, SACK and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant Beatrice Richardson appeals from the judgment and sentence imposed in the United States District Court for the Southern District of New York on June 27, 2000. Richardson argues that the court misapprehended its authority when it declined to depart downward from her sentencing range based either on Richardson's extraordinary abuse or her extraordinary struggle out of poverty.

■■■■ "[A] sentencing court's refusal to grant a downward departure is not normally reviewable on appeal." *United States v. Galvez–Falconi*, 174 F.3d 255, 257 (2d Cir.1999) (quoting *United States v. Montez–Gaviria*, 163 F.3d 697, 701 (2d Cir.1998)) (internal quotations omitted) (further citation omitted). "A sentencing judge's decision to depart [is] appealable only where 'the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence.'" *United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (quoting *United States v. Haynes*, 985 F.2d 65, 68 (2d Cir.1993)) (further citation omitted). Furthermore, this Court applies a strong presumption that district court judges understand the circumstances in which they may depart from the sentencing range provided by the Guidelines calculus. *See id.* at 694.

■■■ Richardson argues that the court erred by concluding that, in determining whether to depart downward for extraordinary abuse, this Court's holding in *United*

*States v. Rivera*, 192 F.3d 81 (2d Cir.1999) constrained it to consider only abuse that occurred during childhood. We disagree. The district court's comments that "there is no evidence in the record of the kind of mental or emotional condition that would be required," and that Richardson's abuse as an adult "is not an excuse or reason for someone of Richardson's skills to engage in criminal conduct and it does not warrant a downward departure," suggest that the court was aware of its discretion to depart downward but declined to do so. We conclude that the district court's remarks do not indicate a "substantial risk that the judge misapprehended the scope of [her] departure authority," and that Richardson has not rebutted the presumption that the district court was aware of the relevant grounds for departure. *See Brown*, 98 F.3d at 694.

■■■ Richardson also argues that the court erred by concluding that it could not depart downward based on Richardson's extraordinary efforts to overcome poverty. There is some support for this in the record. The district court's statement that under U.S. Sentencing Guidelines Manual § 5H1.10 socio-economic status is not a relevant factor and that under § 5H1.12 a disadvantaged upbringing is not grounds for departure may be read to suggest that Judge Scheindlin believed that she was foreclosed from granting such a departure.

Furthermore, it is unclear whether the court's later statement that it "had the power here and was not precluded by law from ordering a departure" and that the court "chose not to" depart downward because it "felt that there was nothing in this combination of circumstances here, on this particular case, on these specific facts, that warranted departure" referred to the efforts to overcome poverty grounds, the extraordinary abuse grounds, or some combination of these and other grounds.

In any event, it is not necessary for us to decide whether the district court misapprehended its power to depart or even whether extraordinary efforts to overcome poverty provide grounds for a downward departure. This is so because the facts of this case would not warrant such a departure even if it were available. The facts are that defendant was able to overcome poverty by gaining an education and obtaining a responsible job. Then, over the course of several years, she converted funds by virtue of holding the very position which permitted her to escape poverty. These facts do not warrant departure. If there was any error, it was most certainly harmless.

For the reasons set forth above, the judgment of the district court is AF-FIRMED.